IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| STERLING G. HIGASHI, | ) | CIVIL 16-00479 LEK-RLP |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HALE TAKAZAWA, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

**ORDER AFFIRMING THE BANKRUPTCY COURT'S:  (1) ORDER
GRANTING PLAINTIFF'S MOTION FOR RULE 37(C)(2) EXPENSES;
AND (2) ORDER DENYING DEFENDANT'S OBJECTIONS TO
CERTAIN ITEMS OF PLAINTIFF'S BILL OF COSTS**

On August 29, 2016, Defendant-Appellant Sterling G. Higashi ("Appellant") filed his Notice of Appeal and Statement of Election ("Notice of Appeal"), [dkt. no. 1,] challenging the following orders issued in Adversary Proceeding 15-90033 ("Adversary Proceeding"):  (1) Order Granting Plaintiff's Motion for Rule 37(c)(2) Expenses ("Rule 37(c)(2) Order"), issued on August 15, 2016; [dkt. no. 1-3 at pgs. 4-6;[1]] and (2) Order Denying Defendant's Objections to Certain Items of Plaintiff's Bill of Costs ("Objections Order"), also issued on August 15, 2016 [id. at pgs. 1-2].  The bankruptcy court filed the Certificate of Readiness on October 13, 2016.  [Dkt. no. 3.]  On

---

[1] Except for the briefs, there are often multiple page numbers on the documents relevant to the instant matter. Therefore, aside from the briefs, and for the sake of clarity, the Court will refer to the page numbers assigned by this district court's electronic case filing system.

November 14, 2016, Appellant filed his opening brief. [Dkt. no. 7.] Plaintiff-Appellee Hale Takazawa ("Appellee") filed his responsive brief on December 1, 2016 ("Appellee's Brief"), and Appellant filed his reply on December 14, 2016. [Dkt. nos. 10, 11.] This matter is suitable for disposition without a hearing pursuant to Local Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). In an Entering Order filed on April 26, 2017 ("4/26/17 EO"), the Court denied the appeal and affirmed the orders of the bankruptcy court. [Dkt. no. 14.] The instant Order supersedes the 4/26/17 EO. The bankruptcy court's orders are affirmed for the reasons set forth below.

## BACKGROUND

The background of this matter is set forth in this Court's Order Affirming the Bankruptcy Court's Findings of Fact and Conclusions of Law and the Judgment ("FOF/COL Order") in Higashi v. Takazawa, CV 16-00368 LEK-RLP, [filed 7/19/17 (dkt. no. 28),] which arose out of the same Adversary Proceeding. Appellee served a request for admissions on September 25, 2015, [Appellee's App. to Responsive Brief ("Appellee's App."), filed 12/1/16 (dkt. no. 9), App. 4 at 29-45,] and Appellant served his response on October 26, 2015 [id. at 47-75]. Appellant refused to admit that he forged his wife's signature on a promissory note related to unpaid rent on a commercial space he used for his

2

company.  [Id. at 71.]  The bankruptcy court found that Appellant forged his wife's signature.  [Appellee's App., App. 2 (Findings of Fact and Conclusions of Law in Adversary Proceeding) at 4 ("He denies forging his wife's signature, but I do not believe that denial.").]  The bankruptcy court held a hearing on the motions relevant to the instant appeal on August 5, 2016.  [Id., App. 8 (Trans. of 8/5/16 hearing on Plaintiff's Motion to Approve Reasonable Expenses Pursuant to Rule 37(c)(2); Defendant's Opposition to Bill of Costs ("8/15/16 Hearing Trans.")).]  With regard to Appellee's motion filed pursuant to Fed. R. Civ. P. 37(c)(2),[2] the bankruptcy court explained:

---

[2] Fed. R. Civ. P. 37(c)(2) states:

> If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses including attorney's fees, incurred in making that proof.  The court must so order unless:
>
>> (A) the request was held objectionable under Rule 36(a);
>>
>> (B) the admission sought was of no substantial importance;
>>
>> (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or
>>
>> (D) there was other good reason for the failure to admit.

>       I don't think there's any dispute that the basic elements of the rule are met. The only real dispute about – is about whether Mr. Higashi had a reasonable ground to believe that he might prevail on this issue of whether or not he forged his wife's signature, basically, and I'm inclined to say he didn't.
>
>       I mean, based on the evidence that I saw at the trial, I was completely convinced that he did forge his wife's signature and that he knew it. Therefore – well, in order to accept his position, it would be like saying, well, I could deny something in an admission, and then go ahead and lie to the Court at the trial, and maybe the judge will accept my lie, and that adds up to a reasonable basis for denying the request. I just don't think that can be the law.

[Id. at 3.] At the same hearing, the bankruptcy court also considered and rejected Appellant's objections to Appellee's proposed bill of costs. [Id. at 2-3.]

The Rule 37(c)(2) Order directed Appellant to pay Appellee "$19,662.30, as the reasonable expenses, including attorney's fees, incurred by [Appellee] to make proof of matters which [Appellant] failed to admit pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, made applicable to this Proceeding by Rule 7036 of the Federal Rules of Bankruptcy Procedure."[3] [Rule 37(c)(2) Order at 5.] The Objections Order directed Appellant to pay Appellee $2,946.94 in taxable costs. [Objections Order at 2.]

---

[3] Fed. R. Civ. P. 36 describes the process for serving a request to admit on any other party. Fed. R. Bankr. P. 7036 states that Rule 36 "applies in adversary proceedings."

**STANDARD**

The Ninth Circuit has stated:

> We review for abuse of discretion a Rule 37(c) award of fees and costs. <u>Comeaux v. Brown & Williamson Tobacco Co.</u>, 915 F.2d 1264, 1268 (9th Cir. 1990). We will not reverse unless we have a definite and firm conviction that the district court committed a clear error of judgment. <u>United States v. Plainbull</u>, 957 F.2d 724, 725 (9th Cir. 1992). A district court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact. <u>United States v. Rahm</u>, 99 F.2d 1405, 1410 (9th Cir. 1993).

<u>Marchand v. Mercy Med. Ctr.</u>, 22 F.3d 933, 936 (9th Cir. 1994) (footnote omitted). Further, this district court has explained that, in an appeal from the bankruptcy court:

> This court is sitting as an appeals court reviewing the bankruptcy court's determination. "The decision of the bankruptcy judge is reviewable by an Article III judge only by an appeal governed by the same rules applicable to appeals taken to the courts of appeals from the district courts." <u>In re Mankin</u>, 823 F.2d 1296, 1305 (9th Cir. 1987) (citing 28 U.S.C. §§ 157(b)(1), 158(a), (c)).[4]

<u>Nauman v. Kotoshirodo (In re Nauman)</u>, Civil No. 10-00414 JMS/KSC, 2011 WL 240804, at *4 (D. Hawai`i Jan. 21, 2011). The Ninth Circuit has stated that, "[w]e review only issues which are argued specifically and distinctly in a party's opening brief. We will not manufacture arguments for an appellant, and a bare

---

[4] <u>In re Mankin</u> was overruled on other grounds by <u>Executive Benefits Insurance Agency v. Arkison (In re Bellingham Insurance Agency, Inc.)</u>, 702 F.3d 553 (9th Cir. 2012).

assertion does not preserve a claim, particularly when, as here, a host of other issues are presented for review." Greenwood v. FAA, 28 F.3d 971, 977 (9th Cir. 1994) (citations omitted).

## DISCUSSION

Appellant's Brief explains:

> The brevity of Defendant/Appellant's Opening Brief in the above entitled matters is because of the nature of the Orders emanating from the Adversary Court, i.e., the result of the award of certain fees and costs to the Plaintiff/Appellee as a result of said Plaintiff/Appellee prevailing in the said Adversary Pro. No 15-90033.
>
> Should this Court reverse the "main" judgment rendered by the Adversary Court and which is being heard by this Honorable Court in the main appeal, Civil No. 16-00368, it is respectfully submitted the foregoing award of Bill of Costs and Rule 37(c)(2) Expenses should also be reversed.

[Appellant's Brief at 2.[5]]  Appellant does not identify any part of either the Rule 37(c)(2) Order or the Objections Order that was clearly erroneous.  Moreover, in its FOF/COL Order, this Court affirmed the bankruptcy court.[6]

---

[5] In his Reply, Appellant states, "this appeal in Civil No. 16-00479 was treated mistakenly as an 'adjunct' to the 'main' appeal in Civil No. 16-00368." [Reply at 2.]  It is undisputed that Appellant did not appeal the Rule 37(c)(2) Order or the Objections Order in CV 16-00368 LEK-RLP.  It is also undisputed that Appellant never sought to consolidate CV 16-00368 LEK-RLP and the instant appeal, even though they arose out of the same Adversary Proceeding.

[6] Appellee states that "Appellant wrongly and frivolously argues in his [b]rief that a ruling of this Court in the First Appeal, CV 16-00368, reversing the Judgment of the Bankruptcy Court, will require this Court to reverse the Order on Rule
(continued...)

Even if the Court were to consider Appellant's argument that he should not have to pay Appellee's expenses because his reasons for refusing to admit that he forged his wife's signature are covered by Rule 37(c)(2)(C) and (D), see Appellant's Brief at 2, it would not change the outcome. The FOF/COL Order found that Appellant did not challenge the bankruptcy court's finding that he forged his wife's signature on the relevant promissory note, and that any argument to the contrary was waived.[7] See FOF/COL Order at 10. Further, Appellant does not challenge the bankruptcy court's finding on that matter here. Accordingly, there is no reason for Appellant to believe he had reasonable grounds for refusing to admit that he forged his wife's signature, and there was not any "other good reason for the failure to admit." See Rule 37(c)(2)(C)-(D).

Finally, Appellant's Brief is five pages, while his Reply is nineteen pages, and includes a number of new arguments. See, e.g., Reply at 8 (explaining that it is possible Appellant's

---

[6](...continued)
37(c)(2) Expenses in this Second Appeal." [Appellee's Brief at 45.] Many of Appellee's points are well taken. However, the Court does not need to address this issue because it affirmed the bankruptcy court in the FOF/COL Order.

[7] Appellant states that he "consistently maintained he did not affix his wife's signature over the signature line meant for her thus committing forgery throughout the entire [s]tate [c]ourt proceeding and the Adversary [P]roceeding." [Reply at 12.] Even assuming this is true, Appellant did not make such an argument in either of his opening briefs filed in this Court.

7

former employee "could have shed light on the signature over the signature line."). The Court may not consider these arguments. See Local Rule LR7.4 ("Any argument raised for the first time in the reply shall be disregarded."); Greenwood, 28 F.3d at 977 ("We review only issues which are argued specifically and distinctly in a party's opening brief." (citation omitted)). Even if it could, these arguments would still fail. Appellant appears to contend that, for purposes of his appeal of the bankruptcy court's orders, it is sufficient that he made many of these arguments in memoranda filed in the proceedings below. See, e.g., Reply at 8 ("Moreover, as amply shown in the Opposition Memorandum . . ."), 10 ("Moreover, at pages 7 through 10 in Appellant's Memorandum in Opposition to Plaintiff's Motion for Rule 37(c)(2) Expenses . . . the facts and the law covering Appellee's said failure gives credence to Appellant's position that he had good reason to believe he might prevail on Appellee's claim."). In doing so, Appellant violates Fed. R. Bankr. P. 8014(a).[8] See Lumetta v. Arborlake Homeowners Ass'n, Case No.: 16cv1817-AJB (JLB), 2017 WL 1967327, at *5 (S.D. Cal. May 12, 2017) (stating that, because many of an appellant's arguments in the opening brief did not comply with Rule 8014(a),

---

[8] Rule 8014(a)(8) requires that an appellant's brief contain "the argument, which must contain appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."

8

the district court deemed them waived); Viola v. Kirsch, Case No. 16-cv-02006-EMC, 2016 WL 4011314, at *4 (N.D. Cal. July 27, 2016) (finding an appellant's challenge to the bankruptcy court's orders frivolous because, in part, the appellant's "opening brief does not contain any substantive argument as to why the bankruptcy court's orders were improper. [The appellant] has incorporated by reference objections that he filed with the bankruptcy court, but incorporation by reference is not permitted as a substitute for substantive argument." (citation omitted)). Appellant appears to concede that he failed to comply with the relevant rules. See Reply at 3 ("Be that as it may and assuming arguendo, the foregoing does not meet with any of the procedural requirements set forth in Bankruptcy[,] Appellant proffers the following . . .").

In sum, Appellant does not identify any part of the bankruptcy court's orders that was clearly erroneous, and the bankruptcy court's orders are therefore affirmed.[9]

---

[9] Appellee requests that this Court grant him leave to file a motion under Fed. R. Bankr. P. 8020 and set a briefing schedule. [Appellee's Brief at 54.] Rule 8020(a) states that, "[i]f the district court or [Bankruptcy Appellate Panel] determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Appellee does not need leave of court to file such a motion. Appellee's request is therefore denied.

### **CONCLUSION**

On the basis of the foregoing, Appellant Sterling G. Higashi's Notice of Appeal and Statement of Election, filed August 29, 2016, is HEREBY DENIED.  Moreover, the bankruptcy court's Order Granting Plaintiff's Motion for Rule 37(c)(2) Expenses and its Order Denying Defendant's Objections to Certain Items of Plaintiff's Bill of Costs, both issued on August 15, 2016 in Adversary Proceeding Number 15-90033, are HEREBY AFFIRMED.  There being no remaining claims in this matter, the Clerk's Office is directed to enter final judgment and close the case on **August 10, 2017**, unless Appellant files a motion for reconsideration of this Order by **August 7, 2017**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 20, 2017.



    /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**STERLING G. HIGASHI VS. HALE TAKAZAWA; CIVIL 16-00479 LEK-RLP; ORDER AFFIRMING THE BANKRUPTCY COURT'S: (1) ORDER GRANTING PLAINTIFF'S MOTION FOR RULE 37(C)(2) EXPENSES; AND (2) ORDER DENYING DEFENDANT'S OBJECTIONS TO CERTAIN ITEMS OF PLAINTIFF'S BILL OF COSTS**