IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| STERLING G. HIGASHI, | ) | CIVIL 16-00479 LEK-RLP |
|---|---|---|
| Appellant, | ) | |
| vs. | ) | |
| HALE TAKAZAWA, | ) | |
| Appellee. | ) | |

**ORDER GRANTING APPELLEE'S MOTION FOR
RULE 8020 "JUST DAMAGES" FOR MERITLESS APPEAL**

Plaintiff-Appellee Hale Takazawa ("Appellee") filed his Motion for Rule 8020 "Just Damages" for Meritless Appeal ("Motion") on July 30, 2017. [Dkt. no. 16.] Plaintiff-Appellant Sterling G. Higashi ("Appellant") filed his memorandum in opposition on August 14, 2017. [Dkt. no. 18.] Appellee filed his reply on August 27, 2017 and a supplemental exhibit to the Motion ("Supplemental Exhibit") on September 8, 2017. [Dkt. nos. 22, 24.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").

In an Entering Order filed on September 5, 2017, the Court granted the Motion ("9/5/17 EO Ruling"). [Dkt. no. 23.] The instant Order supersedes the 9/5/17 EO Ruling. Appellee's Motion is hereby granted because the Court concludes that Appellant's appeal was frivolous.

**BACKGROUND**

The background of this matter is set forth in this Court's July 20, 2017 Order Affirming the Bankruptcy Court's: (1) Order Granting Plaintiff's Motion for Rule 37(c)(2) Expenses; and (2) Order Denying Defendant's Objections to Certain Items of Plaintiff's Bill of Costs ("7/20/17 Order"), [dkt. no. 15,[1]] and this Court's July 19, 2017 Order Affirming the Bankruptcy Court's Findings of Fact and Conclusions of Law and the Judgment in Higashi v. Takazawa, CV 16-00368 LEK-RLP ("CV 16-00368 Order"). 2017 WL 3075130.

The facts pertinent to the matter at hand are as follows: in the underlying matter, the creditor for Appellant's business required Appellant's wife, Victoria Higashi, to sign the promissory note at issue in the litigation. This note was tendered for payment and, when Appellant did not pay it and Appellee was assigned the promissory note by the creditor, Appellee demanded payment. In its Findings of Fact and Conclusions of Law ("FOF/COL") issued on June 7, 2016, the bankruptcy court found that Appellant had forged his wife's signature on the note and concluded that Appellant's debt was non-dischargeable. The FOF/COL was affirmed on appeal. CV 16-00360 Order, 2017 WL 3075130, *9.

---

[1] The 7/20/17 Order is also available at 2017 WL 3097771.

On August 15, 2016, the bankruptcy court issued its Order Granting Plaintiff's Motion for Rule 37(c)(2) Expenses ("Rule 37(c)(2) Order") and its Order Denying Defendant's Objections to Certain Items of Plaintiff's Bill of Costs (collectively "Sanctions Orders"). The bankruptcy court concluded Appellant had no reasonable basis to deny the request for admission that he had forged his wife's signature, and ordered Appellant to pay $19,662.30 for reasonable expenses (including attorney's fees) and $2,946.94 for taxable costs incurred by Appellee to prove the fact of the forgery. 7/20/17 Order, 2017 WL 3097771, at *1.

Appellant appealed from the Sanctions Orders. This appeal was denied and the sanctions were affirmed. Appellee then filed the instant Motion, under Fed. R. Bankr. P. 8020(a), seeking damages and costs for defending the Sanctions Orders appeal and asserting damages of $3,821.99 incurred in attorney's fees. [Suppl. Exh. at 5.]

**STANDARD**

Fed. R. Bankr. P. 8020(a) governs awards of damages and costs incurred in a frivolous appeal and provides, in relevant part, that "[i]f the district court . . . determines that an appeal is frivolous, it may . . . award just damages and single or double costs to the appellee." Motions for damages under Rule 8020(a) are governed by the same standard applicable to a Fed. R.

App. P. 38 motion:[2]

> An appeal is frivolous "if the results are obvious, or the arguments of error are wholly without merit." George v. City of Morro Bay (In re George), 322 F.3d 586, 591 (9th Cir. 2003) (quoting Maisano v. United States, 908 F.2d 408, 411 (9th Cir. 1990)). "[A] finding of bad faith is not necessary to impose sanctions" for a frivolous appeal, though bad faith may counsel in favor of the court exercising its discretion to grant sanctions. United States v. Nelson (In re Becraft), 885 F.2d 547, 549 (9th Cir. 1989).

Ly v. Che, 601 F. App'x 494, 496–97 (9th Cir. 2015) (alteration in Ly) (applying Rule 38 standard to a Rule 8020(a) motion).

The purpose of awarding damages is "to penalize an appellant who takes a frivolous appeal and to compensate the injured appellee for the delay and added expense of defending the district court's judgment." Burlington N. R.R. Co. v. Woods, 480 U.S. 1, 7 (1987) (Rule 38 context). "The award of fees and costs under Rule 38 . . . may not include the fees and costs regarding the imposition of sanctions." Blixseth v. Yellowstone Mountain Club, LLC, 854 F.3d 626, 630-31 (9th Cir. 2017).

**DISCUSSION**

**I.  Liability**

In a nutshell, Appellee's Motion turns on whether Appellant's appeal of the Sanctions Orders was frivolous.  It

---

[2] Rule 38 provides: "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."

4

was.

When Appellant appealed the Sanctions Orders, his opening brief failed to identify any part of the bankruptcy court's orders that was clearly erroneous. 7/20/17 Order, 2017 WL 3097771, at *4. Appellant's Opening Brief was required to contain "the argument, which [means] appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." See Fed. R. Bankr. P. 8014(a)(8). If Appellant fails to state the grounds for appeal, this Court cannot manufacture them. Greenwood v. F.A.A., 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief. We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim" (internal citation omitted)). As Appellant's opening brief was devoid of authority as to why the bankruptcy court's ruling was purportedly "clearly erroneous", the appeal was frivolous. See Ly, 601 F. App'x at 496.

Even looking beyond Appellant's failure to identify portions of the Sanctions Orders that were clearly erroneous, the arguments Appellant raised on appeal were also frivolous. Appellant made four arguments: first, that if his appeal was granted, then reversal of the bankruptcy court's FOF/COL would trigger reversal of the Sanctions Orders and thus he believed

5

that he would not be subject to the sanctions; second, that he falls within the exception to Rule 37(c) sanctions because he believed that he might prevail at trial; third, he relied on the bankruptcy court's statements that attorney's fees would not be imposed if his appeal was granted and the decision was reversed, and therefore imposing sanctions because he took the appeal would be unfair; fourth, that sanctions are inappropriate because he did not have an improper purpose when he filed his appeal of the Sanctions Order; and last, imposing sanctions on him would be unfair because the bankruptcy court did not warn him when he informed that court of his intentions to appeal the Sanctions Orders. The Court addresses each argument in turn.

**A. Belief that if his appeal was granted, then Sanctions Orders would have to be reversed**

Appellant's Opening Brief failed to cite authority or present argument in support of his assertion that reversal of the bankruptcy court's FOF/COL should cause reversal of the Sanctions Orders. "Issues raised in a brief which are not supported by argument are deemed abandoned." Crime Justice & Am., Inc. v. Honea, 876 F.3d 966, 978 (9th Cir. 2017) (internal citation and quotation marks omitted).

**B. Exception to Rule 37(C) sanctions because he believed that he might prevail at trial**

Under Rule 37(c)(2), courts look to whether a party's refusal to admit had a reasonable belief that he might prevail on

6

the matter of the requested admission that was refused. See, e.g., Foster Poultry Farms, Inc. v. SunTrust Bank, 377 F. App'x 665, 672 (9th Cir. 2010). Appellant's apparent belief that he would prevail as to issues **other than** the fact which he was asked to admit (i.e., that he forged his wife's signature) does not constitute reasonable belief that he might prevail on the issue contained in the requested admission. Therefore, his belief that he would possibly succeed in his other claims does not protect him from sanctions here for failing to admit the requested Rule 37(c) admission. Appellant argues that he falls within the exception to Rule 37(c) sanctions for a party failing to admit because the Advisory Committee Notes explain that the test is not whether a party prevailed at trial but whether he acted reasonably in believing he might prevail, but this merely repeats an argument rejected in the 7/20/17 Order. See 2017 WL 3097771, at *3. As the 7/20/17 Order explained, because Appellant never challenged the bankruptcy court's factual finding that he committed the forgery, he did not have "'good reason for the failure to admit'" that he committed the forgery. Id. (quoting Rule 37(c)(2)(C)-(D)).

**C. Reliance on the bankruptcy court's statements**

Appellant argues that he relied on the bankruptcy court's statements when he decided to appeal the Sanctions Orders and thus requiring him to pay attorney's fees and costs as

7

sanctions is unfair. After reviewing the statements at issue, this Court concludes that the bankruptcy court did not mislead Appellant. The bankruptcy court correctly suggested that, if its factual finding that Appellant forged his wife's signature were reversed, then the Sanctions Orders **could** be reversed.[3]

**D. No improper purpose when he filed his appeal of the Sanctions Order**

Appellant argues that sanctions are inappropriate because his appeal of the Sanctions Orders did not involve an improper purpose. In support, he cites B&H Med., LLC v. APB Assoc. Admin, Inc., 526 F.3d 257, 271 (6th Cir. 2008). Improper purpose is not relevant here. In B&H, the issue was whether to impose sanctions under Fed. R. Civ. P. 11. By contrast, to impose sanctions for a frivolous appeal under Rule 8020, "[a] finding of bad faith is not necessary." Ly, 601 F. App'x at 497.

**E. The bankruptcy court did not warn him about possible sanctions should he appeal**

Appellant argues that sanctions would be unfair because, when he informed the bankruptcy court that he would

---

[3] The bankruptcy court stated that it may "impose sanctions if a reasonable person would not have believed that the denial [of the forgery] would be upheld," and later stated, "if there is a reversal, then the attorney's fees award could be corrected." [Mem. in Opp., Exh. A (Trans. of 8/5/16 hearing on Plaintiff's Motion to Approve Reasonable Expenses Pursuant to Rule 37(c)(2); Defendant's Opposition to Bill of Costs) ("8/15/16 Hearing Trans.") at 24-25.]

appeal the Sanctions Orders, he was not warned that such conduct would be unacceptable. In support, he relies on Pac. Dunlop Holdings, Inc. v. Barosh, 22 F.3d 113, 119 (7th Cir. 1994) for the proposition that Rule 11 sanctions are inappropriate "once an attorney expressly informs the court of a proposed course of conduct which does not violate a rule of procedure, local rule, court order, or case law, and the district court does not indicate any disapproval." Again, Rule 11 sanctions are separate and apart from "just damages" permitted by Rule 8020. Appellant fails to provide controlling authority that Rule 8020 damages cannot be awarded because, when he advised that he would appeal the Sanctions Orders, the bankruptcy court was required to warn him about his conduct.

Accordingly, Appellant's appeal from the bankruptcy court's Sanctions Orders was frivolous, and Appellee is entitled to recover just damages under Rule 8020.

**II. Damages**

"[T]he trial court must provide adequate explanation for the appellate court to review an award of fees and costs, but 'a brief explanation of how the court arrived at its figures will do.'" In re S. Cal. Sunbelt Developer's Inc., No. SACV 06-00270 DDP, 2009 WL 2138490, at *1 (C.D. Cal. July 15, 2009) (quoting Cunningham v. Cty. of Los Angeles, 879 F.2d 481, 484 (9th Cir. 1988)). "Fees 'are to be calculated according to the prevailing

market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel.'" Id. at *2 (quoting Blum v. Stenson, 465 U.S. 886, 895, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).

Appellee's counsel has submitted documentation of 14.6 hours billed to defend Appellant's frivolous appeal. [Suppl. Exh. at 5.] Appellee's counsel's hourly rate is $250, and Appellee's total attorney's fees, including general excise tax, were $3821.99. [Id.] Appellee's counsel states that he has over forty years experience practicing law in Hawai`i, and that he personally provide all of the legal services to defend the appeal at issue in the instant Motion. [Id., Decl. of Counsel at ¶¶ 3-4.] The Court concludes that an hourly rate of $250 is consistent with the prevailing rate for an attorney with over forty years experience in Honolulu, and that billing 14.6 hours was reasonable to defend the appeal at issue. Moreover, Appellant has not contested Appellee's counsel's hourly rate or billing items.

Imposing liability for an award of sanctions under Rule 8020 "against client and counsel jointly and severally is preferred since the sanctioned parties are in the best position to determine who caused the frivolous appeal to be taken." In re S. Cal. Sunbelt, 2009 WL 2138490, at *3 (citing Int'l Union of Bricklayers, 752 F.2d 1401, 1407 n.8 (9th Cir. 1985)). Such is

the case here.  Accordingly, Appellant and his counsel are liable, jointly and severally, for Appellee's just damages.

## CONCLUSION

On the basis of the foregoing, Plaintiff-Appellee Hale Takazawa's Motion for Rule 8020 "Just Damages" for Meritless Appeal, filed July 30, 2017, is HEREBY GRANTED and Appellee is AWARDED $3,821.99 in attorney's fees as just damages associated with Appellant's appeal of the bankruptcy court's orders. Appellant and his counsel are ORDERED to pay Appellee, through Appellee's counsel, $3,821.99 by **March 15, 2018**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 2, 2018.



    /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**STERLING G. HIGASHI VS. HALE TAKAZAWA; CIVIL 16-00479; ORDER GRANTING APPELLEE'S MOTION FOR RULE 8020 "JUST DAMAGES" FOR MERITLESS APPEAL**